UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOSE MEJIA, 07-B-2418,

                      Petitioner,

-vs-                                                  DECISION AND ORDER

PEOPLE OF THE STATE
OF NEW YORK,                                        17-CV-6362 CJS

                      Respondent.

_____

INTRODUCTION

Now before the Court is Jose Mejia's ("Petitioner" or "Mejia") application for stay and abeyance of his mixed § 2254 habeas corpus petition. (Docket No. [#3]). The application is denied, and within thirty (30) days of the date of this Decision and Order Petitioner must inform the Court in writing whether he would prefer that his entire petition be dismissed without prejudice so that he can pursue remedies in state court, or whether he would prefer to delete his unexhausted ineffective assistance claim and proceed only with the exhausted claims.

BACKGROUND

Mejia, acting *pro se*, seeks relief pursuant to 28 U.S.C. § 2254, alleging that his convictions in New York State Supreme Court, Erie County, for crimes including murder, were unconstitutionally obtained. Mejia's § 2254 petition asserts the following grounds: 1) the trial court violated his right to confront witnesses by admitting testimony from a co-defendant; 2) the verdict was against the weight of the evidence; 3) prosecutorial misconduct; and 4) ineffective assistance of trial counsel.

On June 8, 2017, Mejia filed the § 2254 application, which acknowledges that the ineffective assistance claim is unexhausted. Shortly thereafter, on June 26, 2017, Mejia filed the subject motion for stay and abeyance. In support of that application, Mejia indicates that he is currently preparing a motion, pursuant to New York Criminal

Procedure Law § 440.10, concerning the ineffective assistance claim. Mejia indicates that there is "good cause" to grant the application for stay and abeyance, because since March 25, 2015, he has been proceeding *pro se*. Mejia further indicates that he had insufficient time to exhaust his claims before filing this action. On this point, it appears that the U.S. Supreme Court denied Mejia's petition for certiorari on June 6, 2016. *See, Mejia v. New York*, 136 S.Ct. 2416 (2016). Thereafter, Mejia had one year, or until June 6, 2017, in which to file his § 2254 application.[1] Mejia states that he "had only 14 days" to file the petition by June 6, 2017, but fails to explain why he did not attempt to file the § 440.10 motion sooner (which would have tolled the statute of limitations on his § 2254 petition), except to make a vague reference to the fact that "investigatory research" took a long time.[2]

## DISCUSSION

Section 2254(b)(1)(A) of 28 U.S.C. requires a habeas petitioner to first exhaust his state court remedies with respect to each of the grounds raised in the petition. A district court may not adjudicate a "mixed petition," consisting of both exhausted and unexhausted claims, except that it may deny the entire petition on the merits. *See*, 28 U.S.C. § 2254(b)(2). Where the petitioner files a mixed petition containing both exhausted and unexhausted claims, the Court may, under certain circumstances, dismiss the unexhausted claims without prejudice and stay the petition, in order to allow the petitioner an opportunity to exhaust the unexhausted claims:

---

[1]The Court stamped the § 2254 petition as received on June 8, 2017. The cover letter transmitting the § 2254 petition to this Court is dated May 22, 2017, and the petition itself was purportedly signed on May 23, 2017.

[2]Docket No. [#3] at p. 5. Liberally construing Mejia's motion, he is contending that by the time he completed his research, he had only fourteen days remaining on the one-year clock to file a § 2254 action.

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

*Rhines v. Weber*, 544 U.S. 269, 277, 125 S.Ct. 1528, 1535 (2005); *see also, Woodard v. Chappius*, No. 14-701-PR, 631 Fed. Appx. 65, 2016 WL 276908 at *1 (2d Cir. Jan. 22, 2016) ("Under *Rhines v. Weber*, 544 U.S. 269 (2005), a district court abuses its discretion in denying a stay to exhaust claims in a mixed petition if the unexhausted claims are not plainly meritless, if the petitioner has good cause for failing to exhaust, and if the petitioner did not engage in abusive or dilatory litigation tactics. *Id.* at 277–78.").

Where the requirements for stay and abeyance are not met, a court is not permitted to adjudicate a mixed petition, except to deny the entire petition on the merits (which this Court is not in a position to do at this time). Rather, the Court may either dismiss the entire petition without prejudice, or allow Petitioner to delete the unexhausted claims and proceed only with the exhausted claims. *See, Rhines*, 544 U.S. at 278, 125 S.Ct. at 1535 ("[I]f a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.").

Of course, if a petitioner deletes an unexhausted claim, the effect of such withdrawal may be that he will **not** be permitted to raise the withdrawn ground in a

second or successive habeas petition, *see* 28 U.S.C. § 2244(b).[3] Additionally, although the one-year limitations period for § 2254 petitions is tolled during the pendency of state-court "post-conviction or other collateral review" proceedings, *see*, 28 U.S.C. § 2244(d)(2), it is not tolled during the pendency of the federal habeas lawsuit itself. *See, Rhines v. Weber*, 544 U.S. at 274-275 ("[T]he filing of a petition for habeas corpus in federal court does not toll the statute of limitations.").

Here the Court finds that Mejia has not shown good cause for failing to exhaust his ineffective assistance claim in state court before commencing this action.

> Although the Supreme Court has not detailed the standard for determining when good cause has been adequately demonstrated, it has noted, in dicta, that a "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). Several district courts have interpreted *Pace* to indicate that "good cause" for an order of stay and abeyance need not be based on any factor external to petitioner but rather is a broader, more forgiving concept.
>
> Other courts analogize "good cause" under [*Rhines v. Weber*] to the "cause" that permits review of procedurally barred claims. They find, therefore, that good cause must arise from an objective factor external to the petitioner which cannot fairly be attributed to him or her.

*Young v. Great Meadown Corr. Fac. Supt.*, 16-CV-1420 (PAE) (BCM), 2017 WL 480608 at *5 (S.D.N.Y. Jan. 10, 2017) (some citations and internal quotation marks omitted

---

[3]Petitioner is also cautioned that standard rules for amendment under Fed. R. Civ. P. 15, including the "relation back" rules of Rule 15(c), would be applicable to any later request to amend the petition to include previously unexhausted claims which he subsequently exhausted. *See Zarvela v. Artuz*, 254 F.3d 374, 382 (2d Cir. 2001) ("[A] habeas petitioner, like any civil litigant, is entitled to amend his petition, *see* 28 U.S.C. § 2242, and an amendment will "relate back" to the date of his original petition if the added claim "arose out of the conduct, transaction, or occurrence set forth" originally. Fed.R.Civ.P. 15(c)(2).") (citation omitted).

omitted). Mejia has not shown that he meets either of these standards, therefore the application for stay and abeyance is denied.

The Court is therefore faced with a mixed petition in a circumstance where stay and abeyance is not appropriate. As mentioned above, in such a case the Court may either dismiss the entire petition without prejudice, or allow Petitioner to delete the unexhausted claims and proceed only with the exhausted claims.

In this case, it appears that dismissing the entire action without prejudice would result in Petitioner being denied habeas review on *any* of his claims, since the statute of limitations for the § 2254 petition expired on June 6, 2017. Therefore, if the Court dismissed the petition without prejudice, and Mejia attempted to refile the petition, it would be untimely. On the other hand, if Petitioner deletes the unexhausted claim, the effect of such withdrawal may be that he will **not** be permitted to raise the withdrawn ground in a second or successive habeas petition, *see* 28 U.S.C. § 2244(b).

Accordingly, it is hereby

ORDERED, that Petitioner's application [#3] for "stay and abeyance" is denied; and it is further

ORDERED, that within thirty (30) days of the date of this Decision and Order, Petitioner shall inform the Court in writing whether he would prefer that his entire petition be dismissed without prejudice so that he can pursue remedies in state court, or whether he would prefer to delete his unexhausted ineffective assistance claim and proceed only with the exhausted claims. If Petitioner elects to have the entire petition dismissed without prejudice, he is advised that the one-year limitations period applicable to habeas petitions will presumably bar him from filing another habeas petition in federal court; and it is further

**ORDERED, that if Petitioner fails to respond in writing and affirmatively withdraw his unexhausted claim within thirty (30) days of the date of this Decision and Order, the Court will dismiss the entire petition without prejudice.**

SO ORDERED.

Dated:   Rochester, New York
         July 20, 2017            ENTER:


                                  /s/ Charles J. Siragusa
                                  CHARLES J. SIRAGUSA
                                  United States District Judge